WILLIAMS *v.* STATE.

[81 South. 238, Division A.]

1. **WITNESSES.** *Knowledge. Character of defendant.*
   In a prosecution for larceny, a witness who had known the defendant for six or eight years could testify as to his character for honesty and integrity although he had never heard de-

fendant's character discussed, since the best character is generally that which is least talked about, and the best evidence of good character, is that the witness has been thoroughly acquainted with the party for years, and never heard any thing against his character.

2.  SAME.

A witness may well say that he knows the general reputation of a person, and that it is good, if he has known the person long and well, and never heard his character questioned, and such testimony is admissible to prove good character.

3.  CRIMINAL LAW. *Review. Opinion brought out on cross-examination.*

Where a witness' personal opinion of defendant's character is brought out on cross-examination by the state, the state cannot object to such opinion and even if incompetent, it would not affect the other portions of his testimony.

4.  WITNESS. *Knowledge. Testimony as to character.*

Where in a prosecution for larceny a witness testified that the defendant's reputation for honesty and integrity was good, his testimony was properly excluded where it did not appear therefrom, that he had known the defendant for any appreciable length of time or had been in a position where he probably would have heard his reputation discussed had it been the subject of comment.

5.  CRIMINAL LAW. *Exclusion of evidence. Reversible error.*

Where in a prosecution for larceny, the evidence was close, it wash reversible error to exclude testimony of defendant's good character for honesty and integrity since such testimony may have turned the scales in his favor.

APPEAL from the circuit court of Warren County.
HON. E. L. BRIEN, Judge.
S. H. Williams was convicted of larceny and appeals. The facts are fully stated in the opinion of the court.

*A. A. Chaney,* for appellant.

The court was in error in sustaining the motion to exclude the testimony of Mr. Halpin and Mr. Calvin as shown on pages 47 and 48 of the record. The assumption is that every man's reputation for honesty and integrity is good and the very fact that these gentlemen had never heard his reputation discussed would indicate that he bore a good reputation. He had been employed

by them and they had every opportunity of knowing what sort of negro he was. The courts have always held, and the authorities are too numerous to mention on this occasion, that the very fact that a man's reputation had not been discussed would indicate that his reputation was good. We all know of men whose reputation we have never heard discussed but whose reputation we would certify to be good in the community in which they live. Just because these witnesses, however, had not heard other people discuss his reputation, the court excluded the testimony. Notwithstanding the fact that good character is always presumed, it is relevant for the defendant to offer affirmative evidence of character, and to prove that it was such as to make it unlikely that he would have committed the crime charged against him. The authorities hold that where one who has never heard the reputation of one assailed, but who has been in a position where he probably would have heard it if it had been a subject of comment may testify to the good character of such a person, upon the theory that if a person's reputation is never the subject of discussion in the community, it is more likely to be good than where it is the subject of discussion and comment. Therefore the best evidence of good reputation is where the witness testifies that he has never heard it discussed, questioned or talked about, the more unsullied and exalted the character is, the less likely it is ever to be called in question. 2 American & English Annotated Cases, page 1181; 65 American State Reports, page 277.

"There is no case in which the jury may not, in the exercise of sound judgment, give the prisoner the benefit of a previous good character. No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury and lead them to believe, in view of the improbabilities, that a person of such character would not be guilty of the offense

charged; that the other evidence in the case is false or the witnesses mistaken." *Remsen* v. *People,* 43 N. Y. 6.

The evidence in this case is very weak against this defendant, and no doubt if the jury had not been instructed to disregard the testimony of the character witnesses, the defendant would have been acquitted. If the court does not see fit to do this, however, I most respectfully submit, in all justice to this defendant that the case ought to be reversed and remanded for a new trial.

*Ross A. Collins,* attorney-general, for the state.

Counsel for appellant makes only one assignment of error, namely; that the court erred in sustaining the motion of the district attorney to exclude the testimony of Haplin and Calvin as shown on pages 47 and 48, of the record.

The court properly excluded this evidence. It is an elementary principle of law that a witness in testifying with reference to one's reputation must state what the people in the neighborhood generally think about the accused and not his own opinion or the mere assertion of an individual.

See 2 Wigmore on Evidence, section 1584; also section 1612, thereof.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted in the court below of having stolen a sum of money from George Collins. He denied taking the money, and the verdict is supported solely by the uncorroborated testimony of Collins.

John Halpin, a former employer of the appellant and who had known him for six or eight years, testified that he knew the appellant's reputation for honesty and integrity, and that it is good. On cross-examination, he stated that he had never heard the appellant's reputation

discussed, but that he personally knows his character to be good and based his statement that his reputation is good on that fact. At the close of his examination, the whole of his testimony was excluded on motion of the district attorney.

This testimony was competent and should not have been excluded for "the best character, it is said, is generally that which is the least talked about, and the best evidence of good character is that the witness has been thoroughly conversant with the party for years, and never heard anything against his character. 1 Greenl. Ev., section 55, note; 1 Whart. Ev., sections 49; 1 Taylor, Ev., section 350. A witness may well say that he knows the general reputation of a person, and that it is good, if he has known the person long and well and never heard his character questioned, and such testimony is admissible to prove good character," etc. *French* v. *Sale*, 63 Miss. 393; *Sinclair* v. *State*, 87 Miss. 330, 39 So. 522, 2 L. R. A. (N. S.). 553, 112 Am. St. Rep. 446; 2 Wigmore on Evidence, section 1614; 3 Enc. of Evidence, 43.

The witness' personal opinion of the appellant's character was brought out by the state on cross-examination, and therefore was not subject to objection by it; and, moreover, its incompetency did not affect the other portions of his testimony.

Another witness also tesified that the appellant's reputation for honesty and integrity was good, but his testimony was properly excluded for the reason that it does not appear therefrom that he had known the appellant for any appreciable length of time and had been in a position where he probably would have heard his reputation discussed had it been the subject of comment.

This is peculiarly a case in which the appellant's good reputation, if such he bears, may have turned the scales in his favor, so that the exclusion of Haplin's testimony was fatal error.

*Reversed and remanded.*